| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lewis R. Landau (CA Bar No. 143391)<br>Attorney-at-Law<br>22287 Mulholland Hwy., # 318<br>Calabasas, California 91302<br>Tel: (888) 822-4340<br>Fax: (747)204-2299<br>Email:  Lew@Landaunet.com | |

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br> Metuka S. Benjamin,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:25-bk-20977 NB<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 04/21/2026<br>TIME:  10:00 am<br>COURTROOM: 1545 |

**Movant:**  Marquee Capital Fund 1 REIT, LLC

1.  **Hearing Location**:

☒  255 East Temple Street, Los Angeles, CA 90012          ☐  411 West Fourth Street, Santa Ana, CA 92701
☐  21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐  1415 State Street, Santa Barbara, CA 93101
☐  3420 Twelfth Street, Riverside, CA 92501

2.  Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3.  To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 03/30/2026

Lewis R. Landau Attorney at Law
Printed name of law firm (if applicable)

Lewis R. Landau
Printed name of individual Movant or attorney for Movant

/s/ Lewis R. Landau
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 10445 Wilshire Boulevard
   *Unit/suite number*: Unit 402
   *City, state, zip code*: Los Angeles, California 90024

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __1__):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) __12/08/2025__.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☒ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
☒ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☒ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b.  ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c.  ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d.  ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5.  ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a.  ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐ Other (*specify*):

6.  **Evidence in Support of Motion:  (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a.  The REAL PROPERTY DECLARATION on page 6 of this motion.

b.  ☐ Supplemental declaration(s).

c.  ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit 2_____.

d.  ☒ Other:
Movants proof of claim attached as Exhibit 1; Debtor's Declaration re January, 2026 mortgage payment Exhibit 3.

7.  ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐ Confirmation that there is no stay in effect.

5.  ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  03/30/2026

Lewis R. Landau Attorney at Law
_____
Printed name of law firm (*if applicable*)
Lewis R. Landau
_____
Printed name of individual Movant or attorney for Movant

/s/ Lewis R. Landau
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Lewis R. Landau _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): Attorney for Movant

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☒ Other (*see attached):*
   Personal knowledge of bankrutpcy files.

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit 1_____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:

      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify):*

4. a. The address of the Property is:

   *Street address*: 10445 Wilshire Boulevard
   *Unit/suite no.*: Unit 402
   *City, state, zip code*: Los Angeles, California 90024

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
   See exhibit 1.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

a. ☒ Debtor's principal residence     b. ☐ Other residence
c. ☐ Multi-unit residential     d. ☐ Commercial
e. ☐ Industrial     f. ☐ Vacant land
g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

a. ☒ Sole owner

b. ☐ Co-owner(s) (*specify*):

c. ☐ Lienholder (*specify*):

d. ☐ Other (*specify*):

e. ☐ The Debtor ☐ did ☐ did not   list the Property in the Debtor's schedules.

f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.

    The deed was recorded on (*date*) _____.

7. Movant holds a ☐ deed of trust ☐ judgment lien ☐ other (*specify*) _____
that encumbers the Property.

a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 1____.

b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 1____.

c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 948052.00 | $ 13437.20 | $ 961489.20 |
| b. | Accrued interest: | $ | $ 1343.72 | $ 1343.72 |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ TBD | $ TBD |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): 3/30/26 | $ | $ | $ 962832.92 |

h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

a. Notice of default recorded on (*date*) 08/01/2025 or ☐ none recorded.

b. Notice of sale recorded on (*date*) 11/07/2025 or ☐ none recorded.

c. Foreclosure sale originally scheduled for (*date*) 12/09/2025 or ☐ none scheduled.

d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

e. Foreclosure sale already held on (*date*) _____ or ☐ none held.

f. Trustee's deed upon sale already recorded on (*date*) _____ or ☐ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

b. Number of payments that have come due and were not made: _____. Total amount: $_____

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

d. The fair market value of the Property is $ 1,250,000_____, established by:

(1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

(2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

(3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _2___.

(4) ☐ Other (*specify*):

e. **Calculation of equity/equity cushion in Property:**

Based upon ☐ a preliminary title report ☒ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Movant | $ | $ 962832.92 POC |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | LA County Tax | $ 12000 | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ 974,832.92 | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _2____ and consists of:

(1) ☐ Preliminary title report.

(2) ☒ Relevant portions of the Debtor's schedules.

(3) ☐ Other (*specify*):

g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 225,167.08_____ and is _18.76___% of the fair market value of the Property.

h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 225,167.08_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 8                    **F 4001-1.RFS.RP.MOTION**

i. ☒ Estimated costs of sale: $ 96000_____ (estimate based upon 8_____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 01/16/2026___.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 04/09/2026___.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 2 | | $ 6718.60 | $ 13437.20 |
| | 2 | $ 671.86 | $ 1343.72 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit 1_____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                          $ TBD
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                                    $ TBD
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                                    $[                              ]

TOTAL POSTPETITION DELINQUENCY:                                    $ 14780.92

g. Future payments due by time of anticipated hearing date (*if applicable*): 04/21/2026___.
An additional payment of $ 6718.60_____ will come due on 04/01/2026___, and on the 1st___ day of each month thereafter. If the payment is not received by the 10th day of the month, a late charge of $671.86_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$ 6,718.60_____ received on (*date*) 01/13/2026___
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is  ☐ prepetition  ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

 a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

 b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

 c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

 d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

 a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

 b. ☐ Multiple bankruptcy cases affecting the Property include:

    1. Case name: _____
       Chapter: _____   Case number: _____
       Date dismissed: _____   Date discharged: _____   Date filed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    2. Case name: _____
       Chapter: _____   Case number: _____
       Date dismissed: _____   Date discharged: _____   Date filed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    3. Case name: _____
       Chapter: _____   Case number: _____
       Date dismissed: _____   Date discharged: _____   Date filed: _____
       Relief from stay regarding the Property ☐ was  ☐ was not  granted.

 ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

 ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 10                                **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/30/2026 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT 1

012

**Fill in this information to identify the case:**

Debtor 1    Metuka Benjamin

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Central District of California**

Case number:  **25–20977**

**FILED**

**U.S. Bankruptcy Court**
**Central District of California**

2/17/2026

**Kathleen J. Campbell, Clerk**

## Official Form 410
## Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Marquee Capital Fund 1 REIT, LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Marquee Capital Fund 1 REIT, LLC

Name

24025 Park Sorrento, Suite 150
Calabasas, CA 91302

Contact phone      (818)222–5222

Contact email

Uniform claim identifier (if you use one):

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)

Filed on

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                                    Proof of Claim                                    page 1

**013**

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. **How much is the claim?** | $ 948052.00     **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Note and Deed of Trust |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>   **Nature of property:**<br>   ☑ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>   ☐ Motor vehicle<br>   ☐ Other. Describe: _____<br><br>   **Basis for perfection:**    Deed of Trust<br><br>   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>   **Value of property:**    $ 1100000.00<br><br>   **Amount of the claim that is secured:**    $ 948052.00<br><br>   **Amount of the claim that is unsecured:**    $ 0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>   **Amount necessary to cure any default as of the date of the petition:**    $ 134392.18<br><br>   **Annual Interest Rate** (when case was filed)    9 %<br>   ☑ Fixed<br>   ☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410        Proof of Claim        page 2

**014**

**12.** **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No
☐ Yes. *Check all that apply*:

**Amount entitled to priority**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$ _____

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date     2/17/2026

MM / DD / YYYY

/s/  Lewis Landau

Signature

Print the name of the person who is completing and signing this claim:

Name     Lewis Landau

First name     Middle name     Last name

Title

Company     Lewis R Landau Attorney at Law

Identify the corporate servicer as the company if the authorized agent is a servicer

Address     22287 Mulholland Hwy., 318

Number   Street
Calabasas, CA 91302

City   State   ZIP Code

Contact phone     8888224340          Email     lew@landaunet.com

**015**

## Mortgage Proof of Claim Attachment

(12/23)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|
| Case number: _____ | Principal balance: | 816,327.08 | Principal due: | 816,327.08 | Principal & interest: | 6718.60 |
| Debtor 1: _____ | Interest due: | 72,244.95 | Interest due: | 57,755.14 | Monthly escrow: | _____ |
| Debtor 2: _____ | Fees, costs due: | 85,662.06 | Prepetition fees due: | 73,969.78 | Private mortgage insurance: | _____ |
| Last 4 digits to identify: _ _ _ _ | Escrow deficiency for funds advanced: _____ | | Escrow deficiency for funds advanced: _____ | | Total monthly payment: | 6718.60 |
| Creditor: Marquee Capital Fund REIT | Less total funds on hand: | −6,718.60 | Projected escrow shortage: _____ | | | |
| Servicer: Platinum Loan Servicing | Total debt: | 967,515.49 | Less funds on hand: − _____ | | | |
| Fixed accrual/daily simple interest/other: 204.08 | | | Total prepetition arrearage: | 948,052.00 | | |

### Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. | B. | C. | D. | E. | F. | G. | H. | I. | J. | K. | L. | M. | N. | O. | P. | Q. |
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, int & esc past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

Official Form 410A    Mortgage Proof of Claim Attachment    page 1 of __

| Date Received | Date Due | Total Amount Received | Applied To Interest | Applied To Principal | Applied To Late Charges | Late Charge Added | Applied To Reserve | Charges Principal | Charges Interest | Principal Balance | Days Late |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | $0.00 | 0 |
| 12/20/2021 | 12/20/2021 | $0.00 | $0.00 | ($835,000.00) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $835,000.00 | 0 |
| 12/22/2021 | 12/22/2021 | $2,505.00 | $2,505.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $834,543.90 | 10 |
| 02/11/2022 | 02/01/2022 | $6,718.60 | $6,262.50 | $456.10 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $834,084.38 | 28 |
| 03/29/2022 | 03/01/2022 | $7,390.46 | $6,259.08 | $459.52 | $671.86 | $671.86 | $0.00 | $0.00 | $0.00 | $833,621.41 | 28 |
| 04/29/2022 | 04/01/2022 | $7,390.46 | $6,255.63 | $462.97 | $671.86 | $671.86 | $0.00 | $0.00 | $0.00 | $833,621.41 | 32 |
| 06/02/2022 | 05/01/2022 | $20,827.66 | $6,252.16 | $0.00 | $0.00 | $0.00 | $14,575.50 | $0.00 | $0.00 | $833,154.97 | 1 |
| 06/02/2022 | 06/01/2022 | $0.00 | $6,252.16 | $466.44 | $0.00 | $0.00 | ($6,718.60) | $0.00 | $0.00 | $832,218.59 | -29 |
| 06/02/2022 | 07/01/2022 | $0.00 | $6,248.66 | $936.38 | $671.86 | $671.86 | ($7,856.90) | $0.00 | $0.00 | $831,546.77 | |
| 09/02/2022 | 08/01/2022 | $7,390.46 | $6,241.64 | $671.82 | $671.86 | $477.00 | $671.86 | $0.00 | $0.00 | $831,546.77 | 32 |
| 11/01/2022 | 09/01/2022 | $20,000.00 | $6,236.60 | $0.00 | $0.00 | $0.00 | $13,763.40 | $0.00 | $0.00 | $831,546.77 | 61 |
| 11/01/2022 | 10/01/2022 | $0.00 | $6,236.60 | $0.00 | $482.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $831,546.77 | 31 |
| 11/01/2022 | 11/01/2022 | $0.00 | $6,236.60 | $0.00 | $808.20 | $0.00 | ($7,044.80) | $0.00 | $0.00 | $831,064.77 | 0 |
| 12/27/2022 | 12/01/2022 | $7,638.84 | $6,236.60 | $482.00 | $920.24 | $671.86 | $0.00 | $0.00 | $0.00 | $830,579.16 | 26 |
| 03/15/2023 | 01/01/2023 | $7,390.46 | $6,232.99 | $485.61 | $671.86 | $671.86 | $0.00 | $0.00 | $0.00 | $829,870.82 | 73 |
| 03/15/2023 | 02/01/2023 | $7,609.54 | $6,229.34 | $708.34 | $671.86 | $671.86 | $0.00 | $0.00 | $0.00 | $829,870.82 | |
| 08/17/2023 | 08/17/2023 | $30,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $30,000.00 | $0.00 | $0.00 | $829,376.25 | |
| 08/25/2023 | 03/01/2023 | $0.00 | $6,224.03 | $494.57 | $671.86 | $671.86 | ($7,390.46) | $0.00 | $0.00 | $828,877.97 | |
| 08/25/2023 | 04/01/2023 | $0.00 | $6,220.32 | $498.28 | $671.86 | $671.86 | ($7,390.46) | $0.00 | $0.00 | $828,375.95 | |
| 08/25/2023 | 05/01/2023 | $0.00 | $6,216.58 | $502.02 | $671.86 | $671.86 | ($7,390.46) | $0.00 | $0.00 | $827,870.17 | |
| 08/25/2023 | 06/01/2023 | $0.00 | $6,212.82 | $505.78 | $671.86 | $671.86 | ($7,390.46) | $0.00 | $0.00 | $827,360.60 | |
| 08/25/2023 | 07/01/2023 | $0.00 | $6,209.03 | $509.57 | $671.86 | $671.86 | ($7,390.46) | $0.00 | $0.00 | $826,847.20 | |
| 08/25/2023 | 08/01/2023 | $0.00 | $6,205.20 | $513.40 | $671.86 | $671.86 | ($7,390.46) | $0.00 | $0.00 | $829,870.82 | |
| 08/25/2023 | 08/25/2023 | $30,228.87 | $0.00 | $0.00 | $0.00 | $0.00 | $30,228.87 | $0.00 | $0.00 | $826,847.20 | |
| 08/25/2023 | 08/25/2023 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($15,826.04) | $15,620.67 | $205.37 | $826,329.95 | |
| 09/29/2023 | 09/01/2023 | $7,390.46 | $6,201.35 | $517.25 | $671.86 | $671.86 | $0.00 | $0.00 | $0.00 | $825,808.82 | |
| 11/07/2023 | 10/01/2023 | $6,718.60 | $6,197.47 | $521.13 | $0.00 | $671.86 | $0.00 | $0.00 | $0.00 | $825,283.79 | |
| 02/15/2024 | 11/01/2023 | $22,000.00 | $6,193.57 | $525.03 | $671.86 | $671.86 | $14,609.54 | $0.00 | $0.00 | $824,754.82 | |
| 02/15/2024 | 12/01/2023 | $0.00 | $6,189.63 | $528.97 | $671.86 | $671.86 | ($7,390.46) | $0.00 | $0.00 | $824,221.88 | 45 |
| 03/20/2024 | 01/01/2024 | $0.00 | $6,185.66 | $532.94 | $560.55 | $671.86 | ($7,279.15) | $0.00 | $0.00 | $823,684.94 | 48 |
| 05/09/2024 | 02/01/2024 | $7,390.00 | $6,181.66 | $536.94 | $671.40 | $671.86 | $7,281.40 | $0.00 | $0.00 | $823,143.98 | 69 |
| 05/09/2024 | 03/01/2024 | $14,000.00 | $6,177.64 | $540.96 | $0.00 | $671.86 | ($7,281.40) | $0.00 | $0.00 | $822,598.96 | |
| 07/10/2024 | 04/01/2024 | $0.00 | $6,173.58 | $545.02 | $562.80 | $671.86 | $11,281.40 | $0.00 | $0.00 | $822,049.85 | |
| 07/10/2024 | 05/01/2024 | $18,000.00 | $6,169.49 | $549.11 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $821,496.62 | |
| 10/30/2024 | 06/01/2024 | $0.00 | $6,165.37 | $553.23 | $0.00 | $671.86 | $20,155.80 | $0.00 | $0.00 | $820,939.24 | |
| 10/30/2024 | 07/01/2024 | $26,874.40 | $6,161.22 | $557.38 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $820,377.68 | |
| 10/30/2024 | 08/01/2024 | $0.00 | $6,157.04 | $561.56 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $819,811.91 | |
| 10/30/2024 | 09/01/2024 | $0.00 | $6,152.83 | $565.77 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $819,241.90 | |
| 11/27/2024 | 10/01/2024 | $0.00 | $6,148.59 | $570.01 | $0.00 | $671.86 | ($4,562.80) | $0.00 | $0.00 | $818,667.61 | 26 |
| 03/28/2025 | 11/01/2024 | $2,156.80 | $6,144.31 | $574.29 | $1.00 | $0.00 | $26,874.40 | $0.00 | $0.00 | $818,667.61 | 120 |
| 03/31/2025 | 03/28/2025 | $26,874.40 | $0.00 | $0.00 | $0.00 | $0.00 | ($6,718.60) | $0.00 | $0.00 | $818,089.02 | |
| 03/31/2025 | 12/01/2024 | $0.00 | $6,140.01 | $578.59 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $817,506.09 | |
| 03/31/2025 | 01/01/2025 | $0.00 | $6,135.67 | $582.93 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $816,918.79 | |
| 03/31/2025 | 02/01/2025 | $0.00 | $6,131.30 | $587.30 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $816,327.08 | 30 |
| 03/31/2025 | 03/01/2025 | $0.00 | $6,126.89 | $591.71 | $0.00 | $671.86 | ($6,718.60) | $0.00 | $0.00 | $816,327.08 | 0 |
| 01/13/2026 | 01/13/2026 | $6,718.60 | $0.00 | $0.00 | $0.00 | $0.00 | $6,718.60 | $0.00 | $0.00 | $816,327.08 | |

017

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number _____

Official Form 410S2

## Notice of Postpetition Mortgage Fees, Expenses, and Charges 12/16

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any fees, expenses, and charges incurred after the bankruptcy filing that you assert are recoverable against the debtor or against the debtor's principal residence.

File this form as a supplement to your proof of claim. See Bankruptcy Rule 3002.1.

**Name of creditor:** _____   **Court claim no.** (if known): _____

**Last 4 digits** of any number you use to
identify the debtor's account:   ___ ___ ___ ___

Does this notice supplement a prior notice of postpetition fees,
expenses, and charges?

❑ No

❑ Yes. Date of the last notice: ____/____/_____

| Part 1: | Itemize Postpetition Fees, Expenses, and Charges |
|---|---|

Itemize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed. Do not include any escrow account disbursements or any amounts previously itemized in a notice filed in this case. If the court has previously approved an amount, indicate that approval in parentheses after the date the amount was incurred.

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | | (1) | $ 14,328.89 |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ _____ |
| 3. Attorney fees | | (3) | $ _____ |
| 4. Filing fees and court costs | | (4) | $ _____ |
| 5. Bankruptcy/Proof of claim fees | | (5) | $ _____ |
| 6. Appraisal/Broker's price opinion fees | 12/2/25 | (6) | $ 750.00 |
| 7. Property inspection fees | | (7) | $ _____ |
| 8. Tax advances (non-escrow) | 4/13/25 | (8) | $ 13,846.87 |
| 9. Insurance advances (non-escrow) | | (9) | $ _____ |
| 10. Property preservation expenses. Specify:____ | | (10) | $ _____ |
| 11. Other. Specify: Trustee Fees | 7/31/25 - 12/8/25 | (11) | $ 6485.02 |
| 12. Other. Specify: LAHD Fee | 9/3/25 | (12) | $ 155.45 |
| 13. Other. Specify: HOA ~~Fee~~ Reinstatement | 7/28/25 | (13) | $ 38,358.55 |
| 14. Other. Specify:____ | | (14) | $ _____ |

The debtor or trustee may challenge whether the fees, expenses, and charges you listed are required to be paid.
See 11 U.S.C. § 1322(b)(5) and Bankruptcy Rule 3002.1.

Official Form 410S2            Notice of Postpetition Mortgage Fees, Expenses, and Charges            page 1

**018**

Debtor 1  _____    Case number (if known) _____
          First Name    Middle Name    Last Name

## Part 2:    Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ _____    Date  2 / 17 / 2026
    Signature

Print:   Ryan          J          Sclowy          Title  Authorized Signatory
         First Name    Middle Name    Last Name

Company  Marquee Capital Fund I REIT, LLC

Address  24025   Park Sorrento   Suite 130
         Number    Street
         Calabasas              CA      91302
         City                   State   ZIP Code

Contact phone ( 818 ) 222 - 5222         Email  rsclowy@marqueeTS.com

Official Form 410S2          **Notice of Postpetition Mortgage Fees, Expenses, and Charges**          page 2

019

# Platinum Loan Servicing, Inc.
24025 Park Sorrento, Suite 150
Calabasas, CA 91302
(818) 222-5222

02/12/2026

Metuka Sarah Benjamin Living Trust by: Metuka Sarah Benjamin, Tr
10445 Wilshire Boulevard Unit 402
Los Angeles, CA 90024
Account: 12099

## BENEFICIARY'S DEMAND FOR PAYOFF

Dear Metuka Sarah Benjamin Living Trust by: Metuka Sarah Benjamin, Tr:

You are authorized to use the following amounts to pay off the above-mentioned loan. All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 02/12/2026 |
| --- | --- |
| Maturity Date | 01/01/2052 |
| Next Payment Due | 04/01/2025 |
| Interest Rate | 9.000% |
| Interest Paid-To Date | 03/01/2025 |
| Principal Balance | $816,327.08 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 03/01/2025 To 02/12/2026 | $71,224.54 |
| Unpaid Late Charges | $8,954.01 |
| Accrued Late Charges | $7,390.46 |
| Unpaid Charges   *For additional details see itemization attached | $68,822.07 |
| Prepayment Penalty | $0.00 |
| Other Fees | $401.53 |
| Less Trust Balance | ($6,718.60) |
| Payoff Amount | $966,401.09 |

Please add **$240.89** for each additional day past **02/12/2026**.

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff. **Please note that this demand expires on 02/12/2026**, at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

Payoff amount shall be **wired** to the Platinum Loan Servicing Trust Account at Columbia Bank (see attached wiring instructions). Please call us on the day of payoff for the exact amount due.

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

Karen Larson
Platinum Loan Servicing, Inc.
Loan Servicing Supervisor
(818) 222-5222
klarson@platinumloanservicing.com

020

| ITEMIZATION OF UNPAID CHARGES | | | | | |
| Date | Description | Interest Rate | Unpaid Balance | Accrued Interest | Total Due |
|---|---|---|---|---|---|
| May 13, 2025 | Advanced Los Angeles County Property Taxes (Defaulted Tax of $9,123.30 + Tax Year 2024 Installment #1 Tax of $4,032.87)) | 9.000% | $13,156.17 | $907.78 | $14,063.95 |
| Jul 28, 2025 | Advanced Reinstatement of Homeowners Association Account (The Grand Homeowners Association) Due to Association Lien Services - ALS #2025-4184 - Benjamin Loan #12099 | 9.000% | $37,124.17 | $1,846.93 | $38,971.10 |
| Sep 3, 2025 | Advanced 2025 LAHD Fees | 0.000% | $155.45 | $0.00 | $155.45 |
| Dec 2, 2025 | Advanced Appraisal Fee - 12/2/25 United National Appraisal Corporation Invoice #10445/2025 | 0.000% | $750.00 | $0.00 | $750.00 |
| Dec 8, 2025 | Advanced S.B.S. Trustee Fees and Costs - 12/8/25 Invoice #31304 - T.S. #2025-2104 - Charges from 7/31/25 to 12/8/25 - Benjamin - Loan #12099 | 0.000% | $6,485.02 | $0.00 | $6,485.02 |
| Jan 5, 2026 | Advanced Lewis R. Landau Legal Fees - 1/5/26 Invoice #21800 (Fees from 12/8/25 to 12/29/25) - Benjamin - Loan #12099 | 0.000% | $3,577.50 | $0.00 | $3,577.50 |
| Jan 27, 2026 | Advanced 2026 LAHD Fees | 0.000% | $155.45 | $0.00 | $155.45 |
| Feb 9, 2026 | Advanced Lewis R. Landau Legal Fees - 2/9/26 Invoice #21821 (Fees from 1/5/26 to 1/26/26) - Benjamin - Loan #12099 | 0.000% | $4,225.00 | $0.00 | $4,225.00 |
| Feb 9, 2026 | Advanced S.B.S. Trustee Fees and Costs - 2/9/26 Invoice #31567 - | 0.000% | $438.60 | $0.00 | $438.60 |

| | T.S. #2025-2104 - Charges from 1/8/26 to 2/9/26 - Benjamin - Loan #12099 | | | | |
|---|---|---|---|---|---|
| | | | | Total | $68,822.07 |

| ITEMIZATION OF OTHER FEES | |
|---|---|
| Description | Amount |
| Demand Fee | $90.00 |
| Reconveyance Fee | $45.00 |
| Force-Placed Insurance | $266.53 |
| Total | $401.53 |

# BORROWER STATEMENT OF ACCOUNT



**PLATINUM LOAN SERVICING**

**BORROWER**

Metuka Sarah Benjamin Living Trust by: Metuka Sarah
Benjamin, Tr
10445 Wilshire Boulevard Unit 402
Los Angeles CA 90024

| ACCOUNT NO. | 12099 |
|---|---|
| STATEMENT DATE | 02/12/2026 |

| STATEMENT SUMMARY | |
|---|---|
| Statement Period | All Dates |
| Principal Balance | $816,327.08 |
| Reserve Balance | $6,718.60 |
| Impound Balance | $0.00 |
| Unpaid Late Charges | $8,954.01 |
| Unpaid Charges | $68,822.07 |
| Unpaid Interest | $0.00 |
| Regular Payment | $6,718.60 |
| Note Rate | 9.000% |
| Interest Paid in 2026 | $0.00 |
| Property: 10445 Wilshire Boulevard, Unit 402 Los Angeles CA 90024-4659 | |

Please advise us immediately of any discrepancies in the transactions or investment activity on your statement of account or if you contemplate changing your address. When making inquiries by telephone or in writing please give your account number. We urge you to keep this statement with your investment records.

## ACCOUNT ACTIVITY

| Transaction Date | Pmt Due Date | Reference | Description | Transaction Amount | Interest | Principal | Late Charges | Other | Trust | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Balance Forward | | | | | | | $0.00 |
| 12/20/2021 | | 12099 | Funds Advanced | ($835,000.00) | $0.00 | ($835,000.00) | $0.00 | $0.00 | $0.00 | $835,000.00 |
| 12/22/2021 | | 15829 | Payment - Other | $2,505.00 | $2,505.00 | $0.00 | $0.00 | $0.00 | $0.00 | $835,000.00 |
| 02/11/2022 | 02/01/2022 | WIRE | Payment - Thank You | $6,718.60 | $6,262.50 | $456.10 | $0.00 | $0.00 | $0.00 | $834,543.90 |
| 03/29/2022 | 03/01/2022 | WIRE | Payment - Thank You | $7,390.46 | $6,259.08 | $459.52 | $671.86 | $0.00 | $0.00 | $834,084.38 |
| 03/29/2022 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $834,084.38 |
| 04/29/2022 | 04/01/2022 | WIRE | Payment - Thank You | $7,390.46 | $6,255.63 | $462.97 | $671.86 | $0.00 | $0.00 | $833,621.41 |
| 04/29/2022 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $833,621.41 |
| 06/02/2022 | 05/01/2022 | WIRE | Payment - Thank You | $20,827.66 | $6,252.16 | $0.00 | $0.00 | $0.00 | $14,575.50 | $833,621.41 |
| 06/02/2022 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $833,621.41 |
| 06/02/2022 | 06/01/2022 | TRUST | Payment - Thank You | $0.00 | $6,252.16 | $466.44 | $0.00 | $0.00 | ($6,718.60) | $833,154.97 |
| 06/02/2022 | 07/01/2022 | TRUST | Payment - Thank You | $0.00 | $6,248.66 | $936.38 | $671.86 | $0.00 | ($7,856.90) | $832,218.59 |
| 09/02/2022 | 08/01/2022 | WIRE | Payment - Thank You | $7,390.46 | $6,241.64 | $671.82 | $477.00 | $0.00 | $0.00 | $831,546.77 |
| 09/02/2022 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $831,546.77 |
| 11/01/2022 | 09/01/2022 | WIRE | Payment - Thank You | $20,000.00 | $6,236.60 | $0.00 | $0.00 | $0.00 | $13,763.40 | $831,546.77 |
| 11/01/2022 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $831,546.77 |
| 11/01/2022 | 10/01/2022 | TRUST | Payment - Thank You | $0.00 | $6,236.60 | $0.00 | $482.00 | $0.00 | ($6,718.60) | $831,546.77 |
| 11/01/2022 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $831,546.77 |
| 11/01/2022 | 11/01/2022 | TRUST | Payment - Thank You | $0.00 | $6,236.60 | $0.00 | $808.20 | $0.00 | ($7,044.80) | $831,546.77 |
| 12/27/2022 | 12/01/2022 | WIRE | Payment - Thank You | $7,638.84 | $6,236.60 | $482.00 | $920.24 | $0.00 | $0.00 | $831,064.77 |
| 12/27/2022 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $831,064.77 |
| 03/15/2023 | 01/01/2023 | WIRE | Payment - Thank You | $7,390.46 | $6,232.99 | $485.61 | $671.86 | $0.00 | $0.00 | $830,579.16 |
| 03/15/2023 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $830,579.16 |
| 03/15/2023 | 02/01/2023 | WIRE | Payment - Thank You | $7,609.54 | $6,229.34 | $708.34 | $671.86 | $0.00 | $0.00 | $829,870.82 |
| 03/15/2023 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $829,870.82 |
| 06/17/2023 | | Adv. Tax | Advanced Los Angeles County | ($11,905.38) | $0.00 | $0.00 | $0.00 | ($11,905.38) | $0.00 | $829,870.82 |
| 07/25/2023 | | | Advanced LAHD Fees | ($155.45) | $0.00 | $0.00 | $0.00 | ($155.45) | $0.00 | $829,870.82 |
| 07/31/2023 | | | S.B.S. Fees | ($3,559.84) | $0.00 | $0.00 | $0.00 | ($3,559.84) | $0.00 | $829,870.82 |
| 08/17/2023 | | WIRE | Payment - Other | $30,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $30,000.00 | $829,870.82 |
| 08/25/2023 | 03/01/2023 | TRUST | Payment - Thank You | $0.00 | $6,224.03 | $494.57 | $671.86 | $0.00 | ($7,390.46) | $829,376.25 |
| 08/25/2023 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $829,376.25 |
| 08/25/2023 | 04/01/2023 | TRUST | Payment - Thank You | $0.00 | $6,220.32 | $498.28 | $671.86 | $0.00 | ($7,390.46) | $828,877.97 |
| 08/25/2023 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $828,877.97 |
| 08/25/2023 | 05/01/2023 | TRUST | Payment - Thank You | $0.00 | $6,216.58 | $502.02 | $671.86 | $0.00 | ($7,390.46) | $828,375.95 |
| 08/25/2023 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $828,375.95 |
| 08/25/2023 | 06/01/2023 | TRUST | Payment - Thank You | $0.00 | $6,212.82 | $505.78 | $671.86 | $0.00 | ($7,390.46) | $827,870.17 |
| 08/25/2023 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $827,870.17 |
| 08/25/2023 | 07/01/2023 | TRUST | Payment - Thank You | $0.00 | $6,209.03 | $509.57 | $671.86 | $0.00 | ($7,390.46) | $827,360.60 |

**023**

**ACCOUNT ACTIVITY**

| Transaction Date | Pmt Due Date | Reference | Description | Transaction Amount | Interest | Principal | Late Charges | Other | Trust | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/25/2023 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $827,360.60 |
| 08/25/2023 | 08/01/2023 | TRUST | Payment - Thank You | $0.00 | $6,205.20 | $513.40 | $671.86 | $0.00 | ($7,390.46) | $826,847.20 |
| 08/25/2023 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $826,847.20 |
| 08/25/2023 | | WIRE | Payment - Other | $30,228.87 | $0.00 | $0.00 | $0.00 | $0.00 | $30,228.87 | $826,847.20 |
| 08/25/2023 | | TRUST | Payment - Other | $0.00 | $205.37 | $0.00 | $0.00 | $15,620.67 | ($15,826.04) | $826,847.20 |
| 09/29/2023 | 09/01/2023 | WIRE | Payment - Thank You | $7,390.46 | $6,201.35 | $517.25 | $671.86 | $0.00 | $0.00 | $826,329.95 |
| 09/29/2023 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $826,329.95 |
| 11/07/2023 | 10/01/2023 | WIRE | Payment - Thank You | $6,718.60 | $6,197.47 | $521.13 | $0.00 | $0.00 | $0.00 | $825,808.82 |
| 11/07/2023 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $825,808.82 |
| 02/15/2024 | 11/01/2023 | 223 | Payment - Thank You | $22,000.00 | $6,193.57 | $525.03 | $671.86 | $0.00 | $14,609.54 | $825,283.79 |
| 02/15/2024 | | 223 | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $825,283.79 |
| 02/15/2024 | 12/01/2023 | TRUST | Payment - Thank You | $0.00 | $6,189.63 | $528.97 | $671.86 | $0.00 | ($7,390.46) | $824,754.82 |
| 02/15/2024 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $824,754.82 |
| 02/15/2024 | 01/01/2024 | TRUST | Payment - Thank You | $0.00 | $6,185.66 | $532.94 | $560.55 | $0.00 | ($7,279.15) | $824,221.88 |
| 02/15/2024 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $824,221.88 |
| 03/20/2024 | 02/01/2024 | WIRE | Payment - Thank You | $7,390.00 | $6,181.66 | $536.94 | $671.40 | $0.00 | $0.00 | $823,684.94 |
| 03/20/2024 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $823,684.94 |
| 05/09/2024 | 03/01/2024 | WIRE | Payment - Thank You | $14,000.00 | $6,177.64 | $540.96 | $0.00 | $0.00 | $7,281.40 | $823,143.98 |
| 05/09/2024 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $823,143.98 |
| 05/09/2024 | 04/01/2024 | TRUST | Payment - Thank You | $0.00 | $6,173.58 | $545.02 | $562.80 | $0.00 | ($7,281.40) | $822,598.96 |
| 05/09/2024 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $822,598.96 |
| 07/10/2024 | 05/01/2024 | WIRE | Payment - Thank You | $18,000.00 | $6,169.49 | $549.11 | $0.00 | $0.00 | $11,281.40 | $822,049.85 |
| 07/10/2024 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $822,049.85 |
| 07/10/2024 | 06/01/2024 | TRUST | Payment - Thank You | $0.00 | $6,165.37 | $553.23 | $0.00 | $0.00 | ($6,718.60) | $821,496.62 |
| 07/10/2024 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $821,496.62 |
| 10/30/2024 | 07/01/2024 | WIRE | Payment - Thank You | $26,874.40 | $6,161.22 | $557.38 | $0.00 | $0.00 | $20,155.80 | $820,939.24 |
| 10/30/2024 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $820,939.24 |
| 10/30/2024 | 08/01/2024 | TRUST | Payment - Thank You | $0.00 | $6,157.04 | $561.56 | $0.00 | $0.00 | ($6,718.60) | $820,377.68 |
| 10/30/2024 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $820,377.68 |
| 10/30/2024 | 09/01/2024 | TRUST | Payment - Thank You | $0.00 | $6,152.83 | $565.77 | $0.00 | $0.00 | ($6,718.60) | $819,811.91 |
| 10/30/2024 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $819,811.91 |
| 10/30/2024 | 10/01/2024 | TRUST | Payment - Thank You | $0.00 | $6,148.59 | $570.01 | $0.00 | $0.00 | ($6,718.60) | $819,241.90 |
| 10/30/2024 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $819,241.90 |
| 11/27/2024 | 11/01/2024 | WIRE | Payment - Thank You | $2,156.80 | $6,144.31 | $574.29 | $1.00 | $0.00 | ($4,562.80) | $818,667.61 |
| 11/27/2024 | | WIRE | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $818,667.61 |
| 03/28/2025 | | WIRE | Payment - Other | $26,874.40 | $0.00 | $0.00 | $0.00 | $0.00 | $26,874.40 | $818,667.61 |
| 03/31/2025 | 12/01/2024 | TRUST | Payment - Thank You | $0.00 | $6,140.01 | $578.59 | $0.00 | $0.00 | ($6,718.60) | $818,089.02 |
| 03/31/2025 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $818,089.02 |
| 03/31/2025 | 01/01/2025 | TRUST | Payment - Thank You | $0.00 | $6,135.67 | $582.93 | $0.00 | $0.00 | ($6,718.60) | $817,506.09 |
| 03/31/2025 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $817,506.09 |
| 03/31/2025 | 02/01/2025 | TRUST | Payment - Thank You | $0.00 | $6,131.30 | $587.30 | $0.00 | $0.00 | ($6,718.60) | $816,918.79 |
| 03/31/2025 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $816,918.79 |
| 03/31/2025 | 03/01/2025 | TRUST | Payment - Thank You | $0.00 | $6,126.89 | $591.71 | $0.00 | $0.00 | ($6,718.60) | $816,327.08 |
| 03/31/2025 | | TRUST | Late Charge | ($671.86) | $0.00 | $0.00 | ($671.86) | $0.00 | $0.00 | $816,327.08 |
| 05/13/2025 | | Adv. Tax | Advanced Los Angeles County | ($13,156.17) | $0.00 | $0.00 | $0.00 | ($13,156.17) | $0.00 | $816,327.08 |
| 07/28/2025 | | 2025-4184 | Advanced Reinstatement of | ($37,124.17) | $0.00 | $0.00 | $0.00 | ($37,124.17) | $0.00 | $816,327.08 |
| 08/01/2025 | | 84902507 | HUB/Miniter Force-Placed | ($2,380.64) | $0.00 | $0.00 | $0.00 | ($2,380.64) | $0.00 | $816,327.08 |
| 09/01/2025 | | 84902507 | Charge Adjustment | $2,380.64 | $0.00 | $0.00 | $0.00 | $2,380.64 | $0.00 | $816,327.08 |
| 09/01/2025 | | 84902508 | Credit for HUB/Miniter Force- | $2,380.64 | $0.00 | $0.00 | $0.00 | $2,380.64 | $0.00 | $816,327.08 |
| 09/01/2025 | | 84902508 | Charge Adjustment | ($2,380.64) | $0.00 | $0.00 | $0.00 | ($2,380.64) | $0.00 | $816,327.08 |
| 09/03/2025 | | | Advanced 2025 LAHD Fees | ($155.45) | $0.00 | $0.00 | $0.00 | ($155.45) | $0.00 | $816,327.08 |
| 12/02/2025 | | 10445/2025 | Advanced Appraisal Fee - | ($750.00) | $0.00 | $0.00 | $0.00 | ($750.00) | $0.00 | $816,327.08 |
| 12/08/2025 | | 31304 | Advanced S.B.S. Trustee Fees | ($6,485.02) | $0.00 | $0.00 | $0.00 | ($6,485.02) | $0.00 | $816,327.08 |
| 01/05/2026 | | 21800 | Advanced Lewis R. Landau | ($3,577.50) | $0.00 | $0.00 | $0.00 | ($3,577.50) | $0.00 | $816,327.08 |
| 01/13/2026 | | WIRE | Payment - Other | $6,718.60 | $0.00 | $0.00 | $0.00 | $0.00 | $6,718.60 | $816,327.08 |
| 01/27/2026 | | | Advanced 2026 LAHD Fees | ($155.45) | $0.00 | $0.00 | $0.00 | ($155.45) | $0.00 | $816,327.08 |
| 02/09/2026 | | 31567 | Advanced S.B.S. Trustee Fees | ($438.60) | $0.00 | $0.00 | $0.00 | ($438.60) | $0.00 | $816,327.08 |
| 02/09/2026 | | 21821 | Advanced Lewis R. Landau | ($4,225.00) | $0.00 | $0.00 | $0.00 | ($4,225.00) | $0.00 | $816,327.08 |
| | | | | | $238,312.19 | ($816,327.08) | ($8,954.01) | ($66,067.36) | $6,718.60 | |

024

## TRUST ACCOUNT ACTIVITY

| Transaction Date | Check # or Reference | Loan Account | From Whom Received or To Whom Paid | Description / Memo | Amount Paid Out | Amount Received | Daily Balance |
|---|---|---|---|---|---|---|---|
| | | | | Balance Forward | | | $0.00 |
| 10/01/2024 | WIRE | PLATINUMTR | Platinum Loan Servicing Trust Account | Transfer Balance from JPMorgan Ch | | $4,562.80 | $4,562.80 |
| 10/30/2024 | TRUST | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $6,718.60 | | ($2,155.80) |
| 10/30/2024 | TRUST | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $6,718.60 | | ($8,874.40) |
| 10/30/2024 | TRUST | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $6,718.60 | | ($15,593.00) |
| 10/30/2024 | WIRE | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | | $20,155.80 | $4,562.80 |
| 11/27/2024 | WIRE | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $4,562.80 | | $0.00 |
| 03/28/2025 | WIRE | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | | $26,874.40 | $26,874.40 |
| 03/31/2025 | TRUST | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $6,718.60 | | $20,155.80 |
| 03/31/2025 | TRUST | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $6,718.60 | | $13,437.20 |
| 03/31/2025 | TRUST | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $6,718.60 | | $6,718.60 |
| 03/31/2025 | TRUST | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | $6,718.60 | | $0.00 |
| 05/13/2025 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Bank Transfer from MCF 1 REIT to P | | $13,156.17 | $13,156.17 |
| 05/14/2025 | 1 | LACOUNTYTA | Los Angeles County Tax Collector | Los Angeles County Property Taxes ( | $13,156.17 | | $0.00 |
| 07/29/2025 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Bank Transfer from MCF 1 REIT to P | | $37,124.17 | $37,124.17 |
| 07/29/2025 | 1790 | ASSOC-LIEN | Association Lien Services | Reinstatement of Homeowners Assoc | $37,124.17 | | $0.00 |
| 09/03/2025 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Advanced 2025 LAHD Fees - Benjan | | $155.45 | $155.45 |
| 09/04/2025 | 1 | LAHD | LAHD | 2025 LAHD Fees (Paid Online 9/3/25 | $155.45 | | $0.00 |
| 12/10/2025 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Advanced Appraisal Fee - 12/2/25 Ur | | $750.00 | $750.00 |
| 12/10/2025 | 1 | UNAC | United National Appraisal Corporation | Appraisal Fee - 12/2/25 United Nation | $750.00 | | $0.00 |
| 12/22/2025 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Bank Transfer from MCF 1 REIT to P | | $6,485.02 | $6,485.02 |
| 12/22/2025 | 1 | SBS | S.B.S. Trust Deed Network | S.B.S. Trustee Fees and Costs - 12/8 | $6,485.02 | | $0.00 |
| 01/13/2026 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Advanced Lewis R. Landau Legal Fe | | $3,577.50 | $3,577.50 |
| 01/13/2026 | WIRE | 12099 | Metuka Sarah Benjamin Living Trust by: M | Borrower Payment | | $6,718.60 | $10,296.10 |
| 01/13/2026 | 1 | LANDAULEW | Lewis R. Landau | Lewis R. Landau Legal Fees - 1/5/26 | $3,577.50 | | $6,718.60 |
| 01/27/2026 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Advanced 2026 LAHD Fees - Benjan | | $155.45 | $6,874.05 |
| 01/28/2026 | 1 | LAHD | LAHD | 2026 LAHD Fees (Paid Online 1/27/2 | $155.45 | | $6,718.60 |
| 02/09/2026 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Advanced Lewis R. Landau Legal Fe | | $4,225.00 | $10,943.60 |
| 02/09/2026 | 1 | LANDAULEW | Lewis R. Landau | Lewis R. Landau Legal Fees - 2/9/26 | $4,225.00 | | $6,718.60 |
| 02/11/2026 | TRANSFER | L4738 | Marquee Capital Fund 1 REIT, LLC | Advanced S.B.S. Trustee Fees and C | | $438.60 | $7,157.20 |
| 02/11/2026 | 1 | SBS | S.B.S. Trust Deed Network | S.B.S. Trustee Fees and Costs - 2/9/ | $438.60 | | $6,718.60 |
| | | | | | $117,660.36 | $124,378.96 | |

## OUTSTANDING CHARGES AND ADVANCES

| Date of Charge | Reference | Description | Interest Rate | Original Amount | Unpaid Balance | Accrued Interest | Total Amount Due |
|---|---|---|---|---|---|---|---|
| 05/13/2025 | Adv. Tax | Advanced Los Angeles County Property Taxes (Defaulted Tax of | 9.000% | $13,156.17 | $13,156.17 | $907.78 | $14,063.95 |
| 07/28/2025 | 2025-4184 | Advanced Reinstatement of Homeowners Association Account (The | 9.000% | $37,124.17 | $37,124.17 | $1,846.93 | $38,971.10 |
| 09/03/2025 | | Advanced 2025 LAHD Fees | 0.000% | $155.45 | $155.45 | $0.00 | $155.45 |
| 12/02/2025 | 10445/2025 | Advanced Appraisal Fee - 12/2/25 United National Appraisal | 0.000% | $750.00 | $750.00 | $0.00 | $750.00 |
| 12/08/2025 | 31304 | Advanced S.B.S. Trustee Fees and Costs - 12/8/25 Invoice #31304 - | 0.000% | $6,485.02 | $6,485.02 | $0.00 | $6,485.02 |
| 01/05/2026 | 21800 | Advanced Lewis R. Landau Legal Fees - 1/5/26 Invoice #21800 | 0.000% | $3,577.50 | $3,577.50 | $0.00 | $3,577.50 |
| 01/27/2026 | | Advanced 2026 LAHD Fees | 0.000% | $155.45 | $155.45 | $0.00 | $155.45 |
| 02/09/2026 | 21821 | Advanced Lewis R. Landau Legal Fees - 2/9/26 Invoice #21821 | 0.000% | $4,225.00 | $4,225.00 | $0.00 | $4,225.00 |
| 02/09/2026 | 31567 | Advanced S.B.S. Trustee Fees and Costs - 2/9/26 Invoice #31567 - | 0.000% | $438.60 | $438.60 | $0.00 | $438.60 |
| | | | | $66,067.36 | $66,067.36 | $2,754.71 | $68,822.07 |

025

# NOTE SECURED BY A DEED OF TRUST

Loan Number: **12099**          Date: **12/09/2021**                          Calabasas, California

**Marquee Funding Group, Inc**
**DRE#01870113 & NMLS #267442**
**Samuel Stein**
**DRE: #01941893/**
**NMLS: #1108708**
**10445 Wilshire Boulevard Unit 402 Los Angeles CA 90024-4659**

Property Address

## 1. BORROWER'S PROMISE TO PAY

   In return for a loan that I have received, I promise to pay U.S. **$835,000.00 (**this amount will be called "principal"), plus interest, to the order of **Marquee Capital Fund 1 REIT, LLC, a Delaware Limited Liability Company, as to an undivided 100.000% interest** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

   I will pay interest at a yearly rate as described in paragraph 3 below.

   Interest commences on **12/20/2021,** and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

   Interest will be charged on unpaid principal until the full amount of principal has been paid.

   I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

   My payments are   ☐ Interest Only   ☑ Fully Amortized   ☐ Other

   I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 360 | Monthly beginning February 1, 2022 | 9.00% | $6,718.60 |

   I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note.  If on **01/01/2052** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

   I will make my payments payable to **Platinum Loan Servicing Inc., 24025 Park Sorrento, Suite #150, Calabasas CA 91302**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

   **(A) Late Charge For Overdue Payments.**  If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$25.00**, whichever is more. I will pay this late charge only once on any late payment.

   In the event a balloon payment is delinquent more than **10** days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

   **(B) Default.**  If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   **(C) Payment of Note Holder's Costs and Expenses.**  If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

                                    DS
****This is to acknowledge that the Funding Date changed from 12/14/2021 to now show 12/20/2021****

INITIALS:  MSB

DATE: 12/23/2021 | 2:29 PM PST

**026**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **No prepayment penalty (you will not be charged a penalty to pay off or refinance the loan before maturity)**

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

**Metuka Sarah Benjamin Living Trust dated March 1, 2013 by:**

_as of Trustee_

_Metuka Sarah Benja___  12-15-2021

| Borrower | Metuka Sarah Benjamin, Trustee | Date | Borrower | Date |

---

# ASSIGNMENT OF NOTE
# SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:

all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

**Recording Requested By**
Marquee Funding Group, Inc.
DRE#01870113 & NMLS #267442
Samuel Stein
DRE #01941893
NMLS #1108708

**When Recorded Mail To**
Marquee Funding Group, Inc.
24025 Park Sorrento Suite # 150,
Calabasas, CA 91302

Title Order No. CA0310-21018412-60

Space above this line for recorder's use

# DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No. **12099**

This Deed of Trust, made this **9th** day of **December 2021**, among the Trustor, **Metuka Sarah Benjamin, Trustee of the Metuka Sarah Benjamin Living Trust dated March 1, 2013** (herein "Borrower"), **10445 Wilshire Boulevard Unit 402 Los Angeles CA 90024** (herein "Mailing Address"), **Platinum Loan Servicing, Inc.** (herein "Trustee"), and the Beneficiary, **Marquee Capital Fund 1 REIT, LLC, a Delaware Limited Liability Company, as to an undivided 100.000% interest** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Los Angeles**, State of California: **SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

APN: 4360-029-153, which has the address of **10445 Wilshire Boulevard Unit 402 Los Angeles CA 90024-4659** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **12/09/2021**, in the principal sum of U.S. **$835,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower**

THIS IS TO CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL HEREOF

BY: _____
Escrow of the West

**will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

   **1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

   **2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

   If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

   If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

   Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

   **3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

   **4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

   **5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

   The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

   In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

   If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is

authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join  in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Platinum Loan Servicing Inc., 24025 Park Sorrento, Suite #150, Calabasas CA 91302** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

### REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE
### UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded on _____ in Book XXXX, Page(s) XXXX, Instrument No._____, Official Records of County Recorder of _____ County, California. The original Trustor

_____ and the

original Trustee

_____ and the

original Beneficiary

Mail to: _____

### IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Metuka Sarah Benjamin Living Trust dated March 1, 2013 by:

_as of Trustee_

_Metuka Sarah Benjamin_    12-15-2021

| Borrower | Metuka Sarah Benjamin, Trustee | Date | Borrower | Date |

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_

On __12/15/2021__ before me, _Obalit Adram, Notary Public_,

personally appeared _Metuka Sarah Benjamin —_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

OBALIT ADRAM
COMM. #2227834
Notary Public - California
Los Angeles County
My Comm. Expires Jan. 6, 2022

(Seal)

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____  _____      _____  _____
Signature of Beneficiary (the "LENDER")  Date      Signature of Beneficiary (the "LENDER")  Date

When recorded, mail to

Att: _____

Applied Business Software. Inc. (800) 833-3343
Deed of Trust

12099/Benjamin
Page 6 of 6

034

**EXHIBIT A**
Legal Description

The land hereinafter referred to is situated in the City of Los Angeles, County of Los Angeles, State of California, and is described as follows:

Parcel 1:

Unit 13 consisting of a separate interest in space, as shown and described in the Condominium Plan for Tract 34401, recorded on March 18, 1982 as File No. 82-287692 (The "Plan"), encumbering Lot 1 of Tract 34401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 910, Pages 1 and 2 inclusive of Maps.

Parcel 2:

An undivided 0.8192 percent (0.8192%) fee simple interest as tenant in common in and to all of the real property comprising the Common Area, as shown and defined on said Plan.

Parcel 3:

An exclusive easement for parking purposes over those portions of the Common Area designated as P105 and P233, as shown and defined as exclusive use area on the Plan.

Parcel 4:

Nonexclusive easements for access, ingress, egress, encroachments, support, maintenance, drainage, use, enjoyment, repairs, and for other purposes, all as described in the Declarations, and any amendments thereto.

APN: 4360-029-153

# EXHIBIT 2

**036**

**Fill in this information to identify your case and this filing:**

Debtor 1  **Metuka S Benjamin**
First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)  First Name        Middle Name        Last Name

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number  **2:25-bk-20977 NB**

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property          12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

1.1

**10445 Wilshire Boulevard Unit 402**
Street address, if available, or other description

**Los Angeles        CA      90024-0000**
City        State        ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
■ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $1,250,000.00 | $1,250,000.00 |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property** (see instructions)

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**..........................................................................=>

**$1,250,000.00**

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases*.

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No
☐ Yes

**037**

**Fill in this information to identify your case:**

Debtor 1    **Metuka S Benjamin**
           First Name                   Middle Name                Last Name

Debtor 2
(Spouse if, filing)    First Name                   Middle Name                Last Name

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:25-bk-20977 NB**
(if known)

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

    ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

    ☑ Yes. Fill in all of the information below.

| **Part 1:** | **List All Secured Claims** |
|---|---|

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| **2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** | **Unsecured portion** If any |

| 2.1 | **Los Angeles County Tax Collector** | | $12,000.00 | $1,250,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

> **10445 Wilshire Boulevard Unit 402 Los Angeles, CA 90024  Los Angeles County**

**P.O. Box 54110 Los Angeles, CA 90054-0110**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number    **9153**

**038**

| Debtor 1 | **Metuka S Benjamin** | | Case number (if known) | **2:25-bk-20977 NB** |
|---|---|---|---|---|
| | First Name    Middle Name    Last Name | | | |

| 2.2 | **Marquee Funding Group, Inc.** | **Describe the property that secures the claim:** | **$820,000.00** | **$1,250,000.00** | **$0.00** |
|---|---|---|---|---|---|

Creditor's Name

**24025 Park Sorrento
Suite 150
Calabasas, CA 91302**

Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**

> **10445 Wilshire Boulevard Unit 402
> Los Angeles, CA 90024  Los
> Angeles County**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Date debt was incurred** _____    **Last 4 digits of account number** _____

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$832,000.00** |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$832,000.00** |

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**039**

# EXHIBIT 3

**040**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph E. Caceres, Esq. (SBN 169164)<br>Charles Shamash, Esq. (SBN 178110)<br>CACERES & SHAMASH, LLP<br>9701 Wilshire Boulevard, Suite 1000<br>Beverly Hills, California 90212<br>Telephone: (310) 205-3400<br>Facsimile: (310) 878-8308<br>Email: jec@locs.com | |
| ☐ *Debtor(s) appearing without an attorney*<br>☑ *Attorney for Debtor(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>METUKA S. BENJAMIN,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:25-bk-20977-NB<br>CHAPTER: 13<br><br>**DECLARATION SETTING FORTH POSTPETITION, PRECONFIRMATION PAYMENTS ON:**<br>**1) DEEDS OF TRUST [OR MORTGAGES]**<br>**2) LEASES ON PERSONAL PROPERTY**<br>**3) PURCHASE MONEY SECURITY LIENS ON PERSONAL PROPERTY**<br>**[LBR 3015-1(e) and LBR 3015-1(m)]**<br><br>[No Hearing Required] |

I, (*Debtor's name*) _____ METUKA S. BENJAMIN, _____ , hereby declare:

1. I am the debtor in this chapter 13 bankruptcy case that was filed on: 12/08/2025 .

2. On the next page I have listed all the payments I have made to secured creditors and lessors since the filing of my chapter 13 petition.

3. I have provided the name of the secured creditor and/or lessor and the type of obligation to that secured creditor and/or lessor.

4. I understand that I must update the information on the next page and keep it current until my plan is confirmed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The following are the postpetition payments up to the date of plan confirmation (Payments) that I have caused to be mailed/delivered to the appropriate creditors (Creditor)[1]:

| Property Description | Creditor/Type of loan | Payment Amount | Due Date[2] | Date Mailed/ Delivered |
|---|---|---|---|---|
| Condo at: 10445 Wilshire Boulevard Unit 402 Los Angeles. CA 90024 | Name of Creditor (*printed*): Platinum Loan Servicing, Inc. 1st TD (*check one*): ☑ Deed of Trust/Mortgage ☐ Car loan ☐ Lease ☐ Other (*specify*):_____ | $6,748.60 | 01/01/2026 | 01/13/2026 |
| | Name of Creditor (*printed*): _____ _____ (*check one*) ☑ Deed of Trust/Mortgage ☐ Car loan ☐ Lease ☐ Other (*specify*):_____ | | | |
| | Name of Creditor (*printed*): _____ _____ (*check one*) ☐ Deed of Trust/Mortgage ☐ Car loan ☐ Lease ☐ Other (*specify*):_____ | | | |
| | Name of Creditor (*printed*): _____ _____ (*check one*) ☐ Deed of Trust/Mortgage ☐ Car loan ☐ Lease ☐ Other (*specify*):_____ | | | |

---

[1]  Attach additional pages if necessary
[2]  "Due Date" refers to the 1st day the Payment is due.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Property Description | Creditor/Type of loan | Payment Amount | Due Date[3] | Date Mailed/ Delivered |
|---|---|---|---|---|
| | Name of Creditor (*printed*):<br><br>_____<br><br>_____<br><br>(*check one*):<br>☐ Deed of Trust/Mortgage<br>☐ Car loan<br>☐ Lease<br>☐ Other (*specify*):_____<br>_____ | | | |
| | Name of Creditor (*printed*):<br><br>_____<br><br>_____<br><br>(*check one*)<br>☐ Deed of Trust/Mortgage<br>☐ Car loan<br>☐ Lease<br>☐ Other (*specify*):_____<br>_____ | | | |
| | Name of Creditor (*printed*):<br><br>_____<br><br>_____<br><br>(*check one*)<br>☐ Deed of Trust/Mortgage<br>☐ Car loan<br>☐ Lease<br>☐ Other (*specify*):_____<br>_____ | | | |

6.  ☐  Continued on Attached Page.

7.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 01/16/2026_____

By: _____
       Signature of Debtor

METUKA S. BENJAMIN_____
Printed Name of Debtor

_____
[3]  "Due Date" refers to the 1st day the Payment is due.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**BANK OF AMERICA**

## Funds Transfer Request Authorization

### SENDING INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| **Wire type:** | Domestic | **Wire date:** | 01/13/2026 | **Remittance ID:** | V7GJC6RVD |
| **Requestor name:** | Metuka S Benjamin | **Client party ID:** | 40076174480 | **Account number (last four):** | 6053 |
| **Client name:** | Metuka S Benjamin | **Account title:** | GOLD ENTERTAINMENT GROUP, LLC; | | |

### RECIPIENT ACCOUNT INFORMATION

| | | | |
|---|---|---|---|
| **Recipient name:** | Platinum Loan Servicing, Inc. | **Bank name:** | Columbia Bank |
| **Account number:** | ******0066 | **Bank ID/ABA routing number:** | 5054 |
| **Recipient address:** | 24025 Park Sorrento<br>Suite 150<br>Calabasas CA 91302 | **Bank address:** | 5885 Meadows, Ste 400<br>Lake Oswego OR 97035 |
| **Country:** | US | **Country:** | US |
| **Business contact name:** | Metuka S Benjamin | | |
| **Business contact phone:** | -8331 | | |

**Additional bank instructions:**   Please contact your Financial Center to confirm the Additional Bank instructions in this section.

### TRANSFER AMOUNT WITH FEES

| | |
|---|---|
| **Transfer amount (USD)** | $6,718.60 |
| **Transfer fees** | +$30.00 |
| **Total** | $6,748.60 |

©2026 Bank of America, N.A. All Rights Reserved
Employee Name: Maxime Leduconti                           Bank Number: 00318
Employee NBID: XXXXXXX                                     Party ID:        4480

**044**
LGLDEPREG BACBFT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9701 Wilshire Boulevard, Suite 1000, Beverly Hills, California 90212

A true and correct copy of the foregoing document entitled: **DECLARATION SETTING FORTH POSTPETITION, PRECONFIRMATION  PAYMENTS ON: 1) DEEDS OF TRUST [OR MORTGAGES], 2) LEASES ON PERSONAL PROPERTY, 3) PURCHASE MONEY SECURITY LIENS IN PERSONAL PROPERTY [LBR 3015-1(e) and LBR 3015-1(m)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _01/16/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/16/2026 | Joseph E. Caceres | /s/ Joseph E. Caceres |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Mailing Information for Case 2:25-bk-20977-NB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Kathy A Dockery (TR)**    EFiling@LATrustee.com
- **Alyssa B Klausner**    abk@sghoalaw.com
- **Lewis R Landau**    Lew@Landaunet.com
- **Charles Shamash**    cs@locs.com, generalbox@locs.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

**046**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  03/30/2026   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  03/30/2026   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/30/2026 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: Benjamin | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:25-bk-20977 NB |

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Joseph E Caceres on behalf of Debtor Metuka S. Benjamin
jec@locs.com, generalbox@locs.com

Kathy A Dockery (TR)
EFiling@LATrustee.com

Alyssa B Klausner on behalf of Interested Party Courtesy NEF
abk@sghoalaw.com

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

Charles Shamash on behalf of Debtor Metuka S. Benjamin
cs@locs.com, generalbox@locs.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

Metuka S. Benjamin

CASE NO: 2:25-bk-20977-NB

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13
Judge: Bason
Hearing Location: 1545
Hearing Date: 4/21/26
Hearing Time: 10:00 am

On 3/30/2026, I did cause a copy of the following documents, described below,

Notice of Motion and Motion for Relief from Stay (Real Property)

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/30/2026

/s/ Lewis Landau
Lewis Landau  143391

Lewis R Landau Attorney at Law
22287 Mulholland Hwy., 318
Calabasas, CA 91302
888-822-4340
lew@landaunet.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:

Metuka S. Benjamin

CASE NO: 2:25-bk-20977-NB

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13
Judge: Bason
Hearing Location: 1545
Hearing Date: 4/21/26
Hearing Time: 10:00 am

On 3/30/2026, a copy of the following documents, described below,

Notice of Motion and Motion for Relief from Stay (Real Property)

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/30/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Lewis Landau
Lewis R Landau Attorney at Law
22287 Mulholland Hwy., 318
Calabasas, CA  91302

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

FIRST CLASS

METUKA S BENJAMIN
10445 WILSHIRE BOULEVARD
UNIT 402
LOS ANGELES CA 90024

FIRST CLASS

LA COUNTY TAX COLLECTOR
P.O. BOX 54110
LOS ANGELES CA 90054

FIRST CLASS

THE GRAND HOA
10445 WILSHIRE BOULEVARD
LOS ANGELES CA 90024